IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES D. BOWER,       Plaintiff | : : : | |
| | : | No. 1:22-cv-01066 |
| v. | : : | (Judge Kane) |
| CLINTON COUNTY CORRECTIONAL FACILITY,       Defendant | : : : : | |

**MEMORANDUM**

On January 21, 2022, pro se Plaintiff Charles D. Bower ("Bower") initiated the above-captioned case by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 against Clinton County Correctional Facility ("CCCF") in the Clinton County Court of Common Pleas. (Doc. No. 1-3.) CCCF removed the case to this district on July 7, 2022 and moved to dismiss the complaint on July 19, 2022. (Doc. Nos. 1, 3.) For the following reasons, the motion to dismiss will be granted.

**I.    BACKGROUND**

Although it is not at all clear from the complaint what facts Bower intends to allege, the complaint appears to assert civil rights claims for theft by prison officials of $205.00 and misuse of a catheter by prison medical staff. See (Doc. No. 1-3). In addition to CCCF, it appears that Bower also intends to name as defendants "Wellpath," Alees Williams, Cathy Perry, Ruth Thomas, Brandi McGill, Kira Munro, Devin Beaver, Teresa Fisher, Benjamin Johnson, Christina Mazzula, Amanda Connelly, Micheal Snodgrass, and William Detterline (collectively, "the additional Defendants"). (Id.) No facts are alleged with respect to the additional Defendants, however, and they have not been served with process.

CCCF's motion to dismiss asserts four claims for dismissal: (1) the complaint does not comply with the pleading requirements of Federal Rule of Civil Procedure 8; (2) CCCF is not a person subject to suit under § 1983; (3) the complaint fails to allege personal involvement or a policy, custom, or practice that could be used as a basis to hold Clinton County liable; and (4) the complaint fails to allege deliberate indifference to a serious medical need. (Doc. No. 7). Bower has not responded to the motion to dismiss, and the deadline for doing so has expired under the Local Rules.

## II.    LEGAL STANDARDS

### A.    Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)

Federal notice and pleading rules require the complaint to provide the defendant notice of the claim and the grounds upon which it rests. See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). The plaintiff must present facts that, accepted as true, demonstrate a plausible right to relief. See Fed. R. Civ. P. 8(a). Although Federal Rule of Civil Procedure 8(a)(2) requires "only a short and plain statement of the claim showing that the pleader is entitled to relief," a complaint may nevertheless be dismissed under Federal Rule of Civil Procedure 12(b)(6) for its "failure to state a claim upon which relief can be granted." See Fed. R. Civ. P. 12(b)(6).

When ruling on a motion to dismiss under Rule 12(b)(6), the Court accepts as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). To prevent dismissal, all civil complaints must set out "sufficient factual matter" to show that their claims are facially plausible. See Iqbal, 556 U.S. at 678; Fowler v. UPMC Shadyside, 578 F.3d 203,

210 (3d Cir. 2009).  The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct: "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"  See Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

Accordingly, the Third Circuit has identified the following steps that a district court must take when reviewing a 12(b)(6) motion: (1) identify the elements that a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief."  See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (internal citations and quotation marks omitted).  The Third Circuit has specified that in ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents."  See Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

In the context of pro se prisoner litigation, the Court must be mindful that a document filed pro se is "to be liberally construed."  See Estelle v. Gamble, 429 U.S. 97, 106 (1976).  Pro se complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle, 429 U.S. at 106).

B.     **Section 1983 Standard**

Section 1983 is the vehicle by which private citizens may seek redress for violations of federal constitutional rights committed by state officials. See 42 U.S.C. § 1983. The statute states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Id. "Section 1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state actors." See Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) (quoting Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002)). To state a cause of action under Section 1983, a plaintiff must allege that: (1) the conduct complained of was committed by persons acting under color of state law; and (2) the conduct violated a right, privilege, or immunity secured by the Constitution or laws of the United States. See Harvey v. Plains Twp. Police Dep't, 421 F.3d 185, 189 (3d Cir. 2005) (quoting West v. Atkins, 487 U.S. 42, 48 (1988)).

III.    **DISCUSSION**

The Court will grant CCCF's motion to dismiss. 42 U.S.C. § 1983 allows a plaintiff to bring suit only against a "person" who violates the plaintiff's constitutional rights while acting under color of state law, and county jails are not persons subject to suit under Section 1983. See, e.g., Edwards v. Northampton County, 663 F. App'x 132, 136 (3d Cir. 2016) (unpublished); Beaver v. Union County Pennsylvania, 619 F. App'x 80, 83 (3d Cir. 2015) (unpublished); Lenhart v. Pennsylvania, 528 F. App'x 111, 114 (3d Cir. 2013) (unpublished); see also Fischer v.

4

Cahill, 474 F.2d 991, 992 (3d Cir. 1973) (holding that prison medical department is not a person subject to suit under § 1983).

Although the additional Defendants have not been served with process and accordingly have not moved to dismiss the complaint, the Court will dismiss Bower's claims against them pursuant to the screening provisions of 28 U.S.C. § 1915A because the complaint does not allege any facts with respect to the additional Defendants and accordingly fails to allege their personal involvement in the alleged civil rights violations. See, e.g., Jutrowski v. Twp. of Riverdale, 904 F.3d 280, 289 (3d Cir. 2018) (noting that defendants must be personally involved in alleged civil rights violations to be held liable for the violations).

Courts are cautioned that because of the applicable pleading standard, a plaintiff should generally be granted leave to amend before dismissing a complaint that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). The federal rules allow for liberal amendment in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." See Foman v. Davis, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted). The Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." See id.

Based on the foregoing, the Court finds that amendment of Bower's claims against CCCF would be futile as CCCF is not a defendant subject to suit under § 1983. The Court cannot conclude, however, that it would be futile or prejudicial to permit Bower to file an amended complaint that corrects the deficiencies identified herein with regard to his claims against the additional Defendants. Bower is advised that the amended complaint must be complete in all

respects. It must be a new pleading that stands by itself without reference to the original complaint or any other document already filed. The amended complaint should set forth Bower's claims in short, concise, and plain statements as required by Rule 8 of the Federal Rules of Civil Procedure. Each paragraph should be numbered. It should specify which actions are alleged as to which defendants and sufficiently allege personal involvement of the defendant in the acts that Bower claims violated his rights. Mere conclusory allegations will not set forth a cognizable claim. If Bower does not file an amended complaint this case will be dismissed without further leave to amend.

**IV.    CONCLUSION**

For the foregoing reasons, the Court will grant CCCF's motion to dismiss and grant Plaintiff leave to file an amended complaint. An appropriate Order follows.